UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CLIFFORD IRBY, II (#581519)**                                        **CIVIL ACTION**

**VERSUS**

**N. BURL CAIN, ET AL.**                                               **NO. 13-0327-SDD-RLB**

**O R D E R**

      This matter comes before the Court on the plaintiff's Motion for Permission to Serve Special Additional Requests for Admission on All Defendants (Rec. Doc. 10) and the defendants' Motion to Stay Discovery (Rec. Doc. 14).

      The plaintiff complains in the instant proceeding that his First Amendment constitutional rights were violated on December 23, 2012, when the defendants charged him with a disciplinary report, placed him in administrative segregation, and thereafter punished him in response to his refusal to attend a religious call-out at the prison. The plaintiff also complains that the issuance of the referenced disciplinary report disrupted and interfered with a visit which he had scheduled with his family on the referenced date. In response to the plaintiff's allegations, the defendants have filed a Motion to Dismiss (Rec. Doc. 8) wherein they have asserted, *inter alia*, the defense of qualified immunity.

      As a general rule, the assertion of the defense of qualified immunity places substantial limitations upon the conduct of discovery, *see Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir. 1995) (finding that because qualified immunity is an immunity, not just from liability, but also from the burdens of discovery, "[t]he district court may ban discovery at [the] threshold pleading stage and may limit any necessary discovery to the defense of qualified immunity .... [and] need

not allow any discovery unless it finds that plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts"). In the instant case, the Court finds that it will be able to address the defendants' assertion of the defense of qualified immunity without the need for the discovery requested by the plaintiff. Accordingly,

**IT IS ORDERED** that the defendants' Motion to Stay Discovery (Rec. Doc. 14) be and it is hereby **GRANTED**, and discovery is stayed in this proceeding pending a resolution of the defendants' Motion to Dismiss.

**IT IS FURTHER ORDERED** that the plaintiff's Motion for Permission to Serve Special Additional Requests for Admission on All Defendants (Rec. Doc. 10) be and it is hereby **DENIED**.

Signed in Baton Rouge, Louisiana, on November 8, 2013.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE